

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00005-CR

ROGER DALE MAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2018F00027

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In a nonjury trial, Roger Dale May was convicted of cruelty to animals for killing a dog. *See* TEX. PENAL CODE ANN. § 42.092 (Supp.). The indictment, to which May pled not guilty, alleged two prior felony convictions as sentence enhancers, which the court found true. *See* TEX. PENAL CODE ANN. § 12.42. The court sentenced May to the minimum enhanced sentence in this situation, twenty-five years' incarceration. May appeals.

May's attorney has filed a brief reciting that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. That professional evaluation of the record, demonstrating why there are no arguable grounds to be advanced, meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter dated April 3, 2019, counsel mailed to May copies of the brief, the appellate record, and the motion to withdraw. May was informed of his rights to review the record and file a pro se response. On May 20, 2019, May filed his pro se response with this Court.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We observe that the trial court's judgment recites that May pled true to the two enhancement allegations. However, beyond his plea denying the allegations of the indictment, May entered no plea to the enhancement allegations and challenged the State's evidence on the allegations. We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); *see French*, 830 S.W.2d at 609. The Texas Rules of Appellate Procedure also provide direct authority for this Court to modify the trial court's judgment. TEX. R. APP. P. 43.2. We modify the trial court's judgment to show May pled not true to the enhancement allegations.

In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We modify the judgment to reflect May's plea that the enhancement allegations were not true and affirm the judgment as so modified.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 10, 2019
Date Decided:       June 19, 2019

Do Not Publish

---

[1] Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.